IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                             06-CR-309-A

GRAHAM'S SUBURBAN JEWELRY, INC.,

Defendant.

---

PLEA AGREEMENT

FILED
JAN 05 2009
CLERK, US DISTRICT COURT, WDNY

The defendant, GRAHAM'S SUBURBAN JEWELRY, INC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 924(a)(1)(A) (knowingly making false statements and representations with respect to information required to be kept by a Federal Firearm Licensee), for which the maximum sentence is a $500,000 fine, 5 years probation and a mandatory $400 penalty assessment. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II. ELEMENTS AND FACTUAL BASIS

2.      The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

- a. that the defendant, by and through its employees, knowingly made false statements and representations

- b. regarding information required by chapter 44 of the United States Code to be kept in the records of Federal Firearm Licensees,

## FACTUAL BASIS

3.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

- a. On or about dates set out below for each count, in the Western District of New York, the defendant, **GRAHAM'S SUBURBAN JEWELRY, INC.**, knowingly and unlawfully made false statements and representations with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the defendant, **GRAHAM'S SUBURBAN JEWELRY, INC.**, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that employees, acting on behalf of, and within the scope of the employees' employment with, the defendant, **GRAHAM'S SUBURBAN JEWELRY, INC.**, did execute ATF Forms 4473, Firearm Transaction Records, to the effect that a straw purchaser was the actual purchaser and transferee of firearm(s) bought and acquired from the defendant, **GRAHAM'S SUBURBAN**

      **JEWELRY, INC.**, whereas in truth and in fact, the firearm(s) were being purchased and acquired for another individual. Specifically,

b. On or about July 2, 2001, an employee acting on behalf of **GRAHAM'S** sold and transferred a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940020575; and a Romanian AK-47 7.62x39 assault rifle, bearing serial number 11855199.

c. On or about July 5, 2001, an employee acting on behalf of **GRAHAM'S** sold and transferred a Romanian AK-47 7.62x39 assault rifle, bearing serial number 1200700.

d. On or about October 24, 2002, an employee acting on behalf of **GRAHAM'S** sold and transferred a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024115; a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024095; a Romanian AK-47 7.62x39 assault rifle, bearing serial number 118652002; and a Romanian AK-47 7.62x39 assault rifle, bearing serial number 1198762002.

e. On or about October 26, 2002, an employee acting on behalf of **GRAHAM'S** sold and transferred a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024110; and a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024090.

f. On or about November 13, 2002, an employee acting on behalf of **GRAHAM'S** sold and transferred a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024105; a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024106; and a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024100.

g. On or about November 23, 2002, an employee acting on behalf of **GRAHAM'S** sold and transferred a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024101; a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024102; a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024103; and a Leinad/Cobray CM-11, 9mm rifle, bearing serial number 940024104.

h. On or about September 24, 2003, an employee acting on behalf of **GRAHAM'S** sold and transferred a Mossberg, model 550-A, 12 gauge shotgun, bearing serial number R276760.

i. On or about October 16, 2003, an employee acting on behalf of **GRAHAM'S** sold and transferred a Mossberg/Maverick 12 gauge shotgun, model 88, bearing serial number MV77243D; and one (1) Mossberg 12 gauge shotgun, model 500-A, bearing serial number R123298.

j. On or about October 22, 2003, an employee acting on behalf of **GRAHAM'S** sold and transferred a Winchester, model 1300, 12 gauge shotgun, bearing serial number 2310585.

k. On or about November 21, 2003, an employee acting on behalf of **GRAHAM'S** sold an SKS rifle, bearing serial number 1816470.

l. On or about November 25, 2003, an employee acting on behalf of **GRAHAM'S** transferred an SKS rifle, bearing serial number 1816470.

m. On or about December 10, 2003, an employee acting on behalf of **GRAHAM'S** sold an SKS assault rifle, bearing serial number 577174.

n. On or about December 18, 2003, an employee acting on behalf of **GRAHAM'S** transferred an SKS assault rifle, bearing serial number 577174.

### III. SENTENCING GUIDELINES

4. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

#### BASE OFFENSE LEVEL

5. The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing

Guideline Manual, and Part 8C2 thereof, which pertains to the Sentencing of Organizations.

6. The government and the defendant agree that pursuant to Guideline Sections 8A1.1, 8A1.2 and 8C2.1, the base offense level is determined by reference to Guideline Sections 2K2.1(a)(7) and 2K2.1(b)(1)(B). The base offense level is therefore **16**.

## SPECIFIC OFFENSE CHARACTERISTICS

7. The defendant and the government agree that Guidelines Sections 8C2.4(a)(1) and 8C2.4(d) prescribe a base fine of **$175,000**.

8. The defendant and the government agree that the Culpability Score is determined by Guideline Section 8C2.5(a) and since there are no other aggravating factors in Section 8C2.5 apply, the defendant's total culpability score is therefore **5**.

9. Pursuant to Guideline Sections 8C2.5(a) and 8C2.6, the minimum and maximum multipliers corresponding to a culpability score of 5 are a minimum multiplier of 1.00, and a maximum multiplier of 2.00.

10. Pursuant to Guideline Section 8C2.7(a), the minimum of the guideline fine range is the product of the base fine ($175,000) and the minimum multiplier (1.00). The minimum of the guideline fine range is therefore **$175,000**.

11. Pursuant to §8C2.7(b), the maximum of the guideline fine range is the product of the base fine ($175,000) and the maximum multiplier (2.00). The maximum of the guideline fine range is therefore **$350,000**. Accordingly, the guideline fine range is **$175,000 to $350,000**.

12. It is the understanding of the government and the defendant that, defendant's sentencing range would be a fine of **$175,000 to $350,00**, and a period of probation of 1 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13. Due to scope of criminal conduct of the corporation, along with the corporation's actual financial ability to pay, the parties have reached an agreement that they believe is reasonable, and in accordance with the 8th Amendment, Title 18 United States Code, Section 3553(a), and all other statutory provisions as they relate to sentencing. Therefore, notwithstanding the above

calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a fine of $5,000, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the defendant shall then be afforded the opportunity to withdraw the plea of guilty. ~~This agreement does not affect the length and conditions of a term of probation that may be imposed by the Court at sentencing.~~ /hu/ 10/03/08 /rm/ (SG)

14. The defendant understands that, except as set forth in paragraph 13, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.   FEDERAL FIREARMS LICENSING

15. The defendant acknowledges that, upon the Court accepting a plea of guilty, the defendant shall become ineligible for licensing pursuant to the provisions of 18 U.S.C. §§ 922(g)(1) and 923(d)(1)(B). The defendant also acknowledges that the admissions contained herein would serve as a basis for denial of an application for a federal firearms license as prior willful

violations pursuant to 18 U.S.C. § 923(d)(1)(C). Accordingly, the defendant hereby agrees that it shall not apply for a license issued pursuant to the provisions of Title 18, United States Code, Chapter 44, nor shall it have any ownership interest in any entity applying for or holding such a license.

16. Seth Graham as principal owner and shareholder of the defendant acknowledges that he would be held responsible for the actions of the defendant and its employees in any civil proceeding held pursuant to 18 U.S.C. § 923(f), and that the admissions of the defendant contained herein may serve as a basis to deny an application submitted by Seth Graham for a federal firearms license as prior willful violations pursuant to 18 U.S.C. § 923(d)(1)(C). Accordingly, Seth Graham hereby agrees that he shall not apply for a license issued pursuant to the provisions of Title 18, United States Code, Chapter 44, nor shall he have any ownership interest in any entity holding such a license, nor shall he have any role in the management or affairs of any entity, directly or indirectly, holding such a license.

17. The defendant and Seth Graham acknowledge that this agreement may be enforceable in any administrative proceeding, or before of court of competent jurisdiction, to deny an application

for a federal firearms license submitted in violation of paragraphs 15 and 16 of this agreement.

### V.   STATUTE OF LIMITATIONS

18.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful sale and disposition of firearms and the false completion of ATF 4473 forms which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### VI.   GOVERNMENT RIGHTS AND RESERVATIONS

19.   At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

20. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

21. At sentencing, the government will move to dismiss the open counts of the Indictment in this action relating to the defendant corporation.

### VII.  APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the fine range and the probation range set forth in Section III, ¶ 12,

above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the fine range and probation range set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, GRAHAM'S SUBURBAN JEWELRY, INC., and the

government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN<br>
United States Attorney<br>
Western District of New York

BY: _____
JOEL LOUIS VIOLANTI
Assistant U.S. Attorney

Dated: December 23, 2008

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, John Molloy, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

GRAHAM'S SUBURBAN JEWELRY, INC.
Defendant
By: Seth Graham, President

Dated: December 23, 2008

_____
Seth Graham, personally
Dated: December 23, 2008

_____
JOHN MOLLOY, ESQ.
Attorney for the Defendant

Dated: December 23, 2008

The corporate defendant, GRAHAM'S SUBURBAN JEWELRY, INC., by its attorney, John Molloy, Esq., and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant, GRAHAM'S SUBURBAN JEWELRY, INC., acknowledges that all the terms of this agreement, which consists of 13 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, John Molloy, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

_____   _____
GRAHAM'S SUBURBAN JEWELRY, INC.     JOHN MOLLOY, ESQ.
Defendant                            Attorney for Defendant Corporation
BY: Seth Graham, President

Dated: December **23**, 2008.       Dated: December **13**, 2008.

## SECRETARY'S CERTIFICATE

I, Seth Graham, the duly elected Secretary of Graham's Suburban Jewelry., a corporation organized under the laws of the State of New York, with its principal offices in Buffalo, New York, do hereby certify that the following is a true and complete copy of a resolution passed at a meeting of the Board of Directors of the Corporation, at which a quorum was present and voting throughout, duly called and held on December 9, 2008:

**RESOLVED**, that the President of the Corporation, Seth Graham, is hereby authorized to enter into a Plea Agreement, and enter a plea of guilty to Count 2 of Indictment 06-CR-310-A and execute any necessary Waivers, consistent with the terms of the documents which are related to this resolution (Plea Agreement and Indictment), and it is further,

**RESOLVED**, that Seth Graham is authorized to execute any additional documents on behalf of the Corporation, which must be executed in order to finalize and/or carry out the terms of the Plea Agreement, and it is further.

**RESOLVED**, that the Corporation is authorized to submit to the Court, any additional data, including a current financial statement, as may be required by the Court, as a condition of acceptance of the Plea Agreement.

**IN WITNESS WHEREOF**, the undersigned has hereto set his hand and the seal of the Company this 23 day of December, 2008.

_____
SETH GRAHAM, President

**UNANIMOUS WRITTEN CONSENT**
**OF**
**BOARD OF DIRECTORS**
**OF**
**Graham's Suburban Jewelry.**

The Board has had an opportunity to review the written Plea Agreement anticipating a plea to Count 2 of Indictment 06-CR-310-A charging a violation of Title 18, United States Code, Section 924(a)(1)(A) (making of false statements on ATF 4473 forms. The Board has been kept apprized of all issues in connection with the matter entitled "<u>United States of America v. Graham's Suburban Jewelry</u>. The Board has carefully considered all of the relevant issues, and has had an opportunity to consult with John Molloy, Esq., counsel retained for purposes of representing the corporation in connection with this matter.

WHEREAS, Seth Graham, is the sole shareholder, director and officer of Graham's Suburban Jewelry, Inc. (the "Corporation");

WHEREAS, the Board of Directors has reviewed the proposed Plea Agreement and Indictment, in connection with a resolution and final settlement of the above-described matter; and

WHEREAS, the Board of Directors has been fully apprized of the potential benefits and detriments involved in entering into such a Plea Agreement and plea of guilty;

The undersigned, being all of the directors of the Corporation, hereby adopts the following resolutions by written consent pursuant to Section 708(b) of the Business Corporation Law:

> RESOLVED: That, the President of the Corporation is hereby authorized to enter into the Plea Agreement, and enter a plea of guilty to Count 2 of Indictment 06-CR-310-A and execute any necessary Waivers, consistent with the terms of the documents which are attached to this resolution.
>
> RESOLVED: That, Seth Graham is authorized to execute any additional documents on behalf of the Corporation, which must be executed in order to finalize and/or carry out the terms of the Plea Agreement.
>
> RESOLVED: That, the Corporation is authorized to submit to the Court, any additional data, including a current financial statement, as may be required by the Court, as a condition of acceptance of the Plea Agreement.

IN WITNESS WHEREOF, I have signed this instrument and direct that it be filed with the minutes of the proceedings of the Board of Directors.

Dated: 12/03, 2008

_____
SETH GRAHAM, President